IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDAR BRIDGE, INC., et al., | No. C-06-3929 MMC |
| Plaintiffs, | **ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION** |
| v. | |
| NIEHAUS RYAN WONG, INC., et al., | |
| Defendants / | |

     The above-titled action was removed to federal court on June 23, 2006 on the basis of diversity jurisdiction. Diversity jurisdiction exists where the lawsuit is between citizens of different states, and the amount in controversy is greater than $75,000. See 28 U.S.C. § 1332(a). Although defendants correctly note that plaintiffs allege more than $75,000 in damages, (see Compl. at 14), defendants have not adequately alleged diversity of the parties.

     Plaintiff Olive Grove Partners II, Ltd. ("Olive Grove") alleges it is a limited partnership. (See Compl. ¶ 2 .) A partnership is a citizen of all states in which one or more of its partners is a citizen. See Carden v. Arkoma, 494 U.S. 185, 195-96 (1990). Thus, defendants cannot establish diversity jurisdiction without first alleging the citizenship of each of the partners of Olive Grove. Defendants' allegation that Olive Grove is "a Texas limited partnership with its principal place of business in Austin, Texas," (see Notice of

1  Removal ¶ 3), is insufficient to allege diversity of the parties.

2      Accordingly, defendants are hereby ordered to show cause in writing, no later than
3  July 14, 2006, why the instant action should not be remanded for lack of subject matter
4  jurisdiction.  If plaintiffs so choose, they may file a response no later than July 28, 2006, at
5  which time the matter will be taken under submission unless the Court, upon review of the
6  filings, determines that a hearing is necessary.

7      **IT IS SO ORDERED.**

8  Dated: June 27, 2006

                              MAXINE M. CHESNEY
9                                United States District Judge

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28