United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDAR BRIDGE, INC., et al., | No. C-06-3929 MMC |
| Plaintiffs, | **ORDER VACATING ORDER TO SHOW CAUSE** |
| v. | |
| NIEHAUS RYAN WONG, INC., et al., | |
| Defendants / | |

    The above-titled action was removed to federal court on June 23, 2006 on the basis of diversity jurisdiction. On June 27, 2006, the Court issued an order to show cause why the action should not be remanded for lack of subject matter jurisdiction. In particular, the Court noted therein that defendants had failed to adequately allege diversity of citizenship because defendants did not allege the citizenship of each of the limited partners of plaintiff Olive Grove Partners II, Ltd. ("Olive Grove").

    On July 14, 2006, defendants filed a response to the order to show cause. On July 27, 2006, plaintiffs filed a response to defendants' filing and, on July 28, 2006, a supplement to their response. Both parties, in their responses, agree that diversity jurisdiction exists in the instant case because all of the partners of Olive Grove are citizens of Texas.

    Plaintiffs contend, however, that, pursuant to 28 U.S.C. § 1441(b), defendants had

no right to remove the instant action to federal court because all defendants are citizens of California.[1]  Plaintiffs state they "nevertheless would be pleased if Judge Chesney retained this case." (See Plaintiffs' Response at 2.)

As plaintiffs point out in their supplemental response, the Ninth Circuit has recently held that the "forum defendant rule embodied in § 1441(b) is a procedural requirement, and thus a violation of th[e] rule constitutes a waivable non-jurisdictional defect subject to the 30-day limit imposed by § 1447(c)."  See Lively v. Wild Oats Markets, Inc., 2006 WL 2074734 at *7 (9th Cir. July 27, 2006).  Where the forum defendant rule is violated, "the plaintiff can either move to remand the case to state court within the 30-day limit, or allow the case to remain in federal court by doing nothing." See id. at *5.  Here, the instant action was removed to federal court on June 23, 2006, more than thirty days ago, and plaintiffs have not moved to remand the action, but, rather, have affirmatively stated they wish to remain in federal court. Accordingly, the Court finds plaintiffs have waived defendants' violation of § 1441(b).

For the reasons set forth above, the Court hereby VACATES its June 27, 2006 order to show cause.

**IT IS SO ORDERED.**

Dated: July 31, 2006

MAXINE M. CHESNEY
United States District Judge

---

[1] Pursuant to 28 U.S.C. § 1441(b), an action not based on federal law, such as the instant action, is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." See 28 U.S.C. § 1441(b).

2