ALEXANDER C. CHAE (*admitted pro hac vice*)
AMY CATHERINE DINN (*admitted pro hac vice*)
GARDERE WYNNE SEWELL LLP
10000 Louisiana, Suite 3400
Houston, Texas 77002-5007
Telephone: (713) 276-5500
Facsimile: (713) 276-5555

PHILLIP F. SHINN
California Bar No. 112051
THORNTON, TAYLOR, BECKER & SHINN
731 Sansome Street, Suite 300
San Francisco, California 94111
415-421-8890
415-421-0688 FAX

Attorneys for Defendants
NIEHAUS RYAN WONG, INC., EDWIN NIEHAUS,
WILLIAM RYAN, CARRIE WONG, and VINCENT SULLIVAN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CEDAR BRIDGE, INC., a Texas corporation and OLIVE GROVE PARTNERS II, LTD., a Texas limited partnership,<br><br>Plaintiffs,<br><br>v.<br><br>NIEHAUS RYAN WONG, INC., a California Corporation; EDWIN NIEHAUS, an individual; WILLIAM RYAN, an individual; CARRIE WONG, an individual; VINCENT SULLIVAN, an individual; and DOES 1-50, inclusive,<br><br>Defendants. | NO. C 06 03929 MMC |

## AGREED PROTECTIVE ORDER

Discovery in this lawsuit may include production of confidential documents and related confidential information. Accordingly, good cause having been shown within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure, and it appearing that Plaintiffs Cedar Bridge, Inc. and Olive Grove Partners II, Ltd. (collectively "Plaintiffs") and Defendants Niehaus Ryan Wong, Inc. ("NRW"), Vincent Sullivan, Carrie Wong, Edwin Niehaus, and William Ryan (collectively "Defendants") consent to entry of this agreed protective order (the "Protective Order"),

HOUSTON 909575v1

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. <u>Scope.</u> This Protective Order shall be applicable to and govern any and all written, printed and recorded matter of any kind (collectively, the "<u>Materials</u>") produced by any of the Plaintiffs or any of Defendants (collectively, the "Parties" or when referenced individually, a "Party") to another Party in response to discovery requests served in connection with this case (the "Lawsuit"), including, without limitation, documents (including, without limitation, agreements, contracts, leases, assignments, offers, correspondence, reports, summaries, invoices, bills, interoffice communications, interoffice memoranda, intra-office communications, intra-office memoranda, notes, minutes, agendas, notations of conversations, transcripts, diaries, appointment books, calendars, teletypes, faxes, telefaxes, thermafaxes, confirmations, and printed e-mails); computer data (including, without limitation, computer diskettes, computer disks, information included in any program or memory of a computer, whether ever printed or displayed to date, and electronic communications and e-mails, whether ever printed or displayed to date); photographs; microfiche; microfilm; videotapes; motion pictures; and electronic and mechanical records or representations of any kind (including, without limitation, tapes, cassettes, magnetic cards and recordings); and shall also expressly include the originals and all non- identical copies thereof, whether different from the originals by any notation made on such copies or otherwise, as well as all drafts, alterations, modifications, changes and amendments, whether final or non-final.

2. <u>Confidentiality of Materials.</u> The Parties believe that most of the Materials to be produced in this case will not be confidential, and will not be subject to confidentiality protections.

    (a)    Prior to the finalization and entry of this Protective Order, NRW has identified the following categories of documents that contain confidential information regarding NRW's employees, including the minutes of meetings of the board of directors of NRW, employee compensation, employee W2s, and NRW's compensation policies paid to its employees. These documents were produced with the following Bates label designation: NRW 515-784 and are to be treated as "<u>Confidential Material</u>" as if designated under 2(b) in accordance with this Protective Order.

(b)     From the date of the entry of this Protective Order on, if a party believes that any Materials it produces in this case should be subject to confidentiality protections, it may designate them "<u>Confidential Material.</u>" This designation shall be made by stamping each page of the document containing confidential information with the legend CONFIDENTIAL prior to its production.

3.      <u>Challenge to Confidentiality Designation.</u> No Party shall be precluded from claiming that any matter designated Confidential Material is not entitled to the protection of this Protective Order. If a Party seeks removal of particular items designated as Confidential Material from this Protective Order on the ground that such confidentiality is not necessary to protect the interests of the party furnishing the document, information or other things, the following procedure shall be utilized:

(a)     The party seeking such removal shall give counsel of record for the other party written notice thereof by facsimile and/or e-mail, specifying the document, information or other things as to which such removal is sought and the reasons for the request within twenty-one (21) days of receipt of the particular item(s) designated Confidential Material or, with regard to the documents designated NRW 515-784, within twenty-one (21) days after entry of this Protective Order;

(b)     If, after conferring in good faith, the parties cannot reach agreement concerning the confidentiality designation, then the party designating the particular item(s) Confidential Material shall file and serve a motion for an order of this Court directing that the particular item(s) be designated Confidential Material, or else the Confidential Material designation shall be deemed abandoned. Such motion shall be filed and served within fifteen (15) days after delivery by facsimile of the written notice described in Paragraph 3(a). The moving party has the burden of establishing that the particular item(s) are appropriately designated Confidential Material.

4.      <u>Restricted Use of Confidential Material.</u> All Confidential Material received by a Party from a producing Party in the Lawsuit shall be used by the receiving Party solely for the purpose of the Lawsuit, and not for any other purpose whatsoever. Notwithstanding the foregoing, and except as otherwise limited by an existing agreement, a Party may disclose or use, in any manner and for any purpose, any Confidential Material originating from the Party's own files/records.

5.      <u>Restricted Disclosure of Confidential Material.</u> In the absence of written permission otherwise from the producing Party of Confidential Material or an order of the Court, the

Confidential Material of the producing Party may be disclosed by the receiving Party only to the following persons:

(a) <u>Party and Counsel.</u> The Party to whom the Confidential Material is produced and attorneys working on the Lawsuit on behalf of the Party, including, as applicable, in-house attorneys, paralegal assistants, and stenographic and clerical employees working under the direct supervision of such attorneys;

(b) <u>Employees of Party.</u> Employees of the Party to whom the Confidential Material is produced who are required by such Party to work directly on the Lawsuit, with disclosure only to the extent necessary to perform such work;

(c) <u>Outside Vendors.</u> Outside vendors (*e.g.*, copy services and litigation support providers) who are engaged by the Party to whom the Confidential Material is produced, or by such Party's attorneys, for the purpose of obtaining services in relation to the Lawsuit, with disclosure only to the extent necessary to perform such services;

(d) <u>Consulting and Testifying Experts.</u> Any person not regularly employed by the Party to whom the Confidential Material is produced who is expressly retained by such Party, or by such Party's attorneys, to assist in trial preparation and/or any hearing on a dispositive motion in relation to the Lawsuit, with such disclosure only to the extent necessary to perform such work;

(e) <u>Persons Associated with Confidential Material.</u> A person who either prepared the Confidential Material prior to the filing of the Lawsuit, or who is identified on the face of the Confidential Material as an addressee or copy addressee, but such person may not retain any Confidential Material;

(f) <u>Witnesses.</u> Any person from whom testimony is taken, except that such person may only be shown copies of the Confidential Material in preparation for and during his/her testimony, and may not retain any Confidential Material; and

(g) <u>Court and Court Personnel.</u> Subject to paragraph 7 of this Protective Order, the Court and the Court's personnel.

6. <u>Depositions.</u> In the event that Confidential Material is used in connection with a deposition, then the portion of the transcript of such deposition containing and/or referring to the Confidential Material shall constitute Confidential Material for purposes of this Protective Order.

7. <u>Enforcement Regarding Third Parties.</u> With respect to each person described in paragraph 5(b) and paragraph 5(c) of this Protective Order to whom Confidential Material produced by another Party is disclosed, the Party or attorney who employed/engaged such person, as applicable, shall be responsible for the person's compliance with this Protective Order, and any violation of the Protective Order by such person shall be imputed to the Party or attorney who disclosed the Confidential Material to such person as if the Party or attorney, himself/itself, violated the Protective Order. With respect to each person described in paragraph 5(d) of this Protective

Order to whom Confidential Material produced by another Party is to be disclosed, in advance of being provided any such Confidential Material the Party or attorney who retained such person shall provide a copy of this Protective Order to the person and obtain a written acknowledgment, signed by the person, evidencing the person's: (a) agreement to be bound by each of the terms of this Protective Order; and (b) agreement to subject himself/herself to the jurisdiction of this Court for the purposes of any proceeding relating to the performance under, compliance with or violation of this Protective Order.

8. <u>Filing of Confidential Material.</u> If Confidential Material is to be filed with the Court in connection with any proceedings herein by any person other than the producing party, then the person seeking to file such Confidential Material shall comply with the requirements of Northern District of California Civil Local Rule 79-5 for filing under seal.

9. <u>Maintenance of Confidential Material.</u> The recipient of Confidential Material that is produced by another Party shall maintain such Confidential Material in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and dissemination of such Confidential Material as is exercised by the recipient with respect to its own proprietary and/or confidential information. Such Confidential Material shall not be copied, reproduced, summarized or abstracted except to the extent that such copying, reproduction, summarization or abstraction is reasonably necessary for the conduct of the Lawsuit, and all such copies, reproductions, summarizations and abstractions shall likewise constitute Confidential Material subject to the terms of this Protective Order.

10. <u>Preservation of Confidential Status.</u> In the event that any Confidential Material is used in any court proceeding in connection with the Lawsuit, it shall not lose its status as Confidential Material through such use, and the Parties shall take all steps reasonably required to protect its confidentiality during such use.

11. <u>Duty to Inform of Unauthorized Disclosure.</u> If a Party or any person bound by this Protective Order, including those that agree to be bound by it pursuant to paragraph 7 of this Protective Order, discovers that Confidential Material has been disclosed to any person in a manner other than as expressly authorized by this Protective Order (an "<u>Unauthorized Recipient</u>"), then such Party or person shall immediately bring all pertinent facts relating to such unauthorized disclosure to the attention of counsel for the Party who produced the Confidential Material. Thereafter, and without prejudice to any other rights and remedies of the affected Parties, the Party or person who discovered the unauthorized disclosure shall make every effort to prevent further unauthorized disclosure of the Confidential Material by such Unauthorized Recipient.

12. <u>Duties in Event of Compelled Disclosure.</u> In the event a Party receiving Confidential Material from a producing Party is thereafter served with a subpoena, order or other process compelling the production of such Confidential Material (a "<u>Production Demand</u>"), such Party shall notify counsel for the producing Party of the Production Demand, shall furnish a copy of the Production Demand to such counsel, and shall cooperate with counsel for the producing Party in any reasonable efforts that the producing Party determines to take in an effort to prevent the disclosure, and/or protect the confidentiality, of the Confidential Material. In the event the producing Party decides to take legal action to prevent the production of the Confidential Material, however, the producing Party shall have the burden of taking such action, and absent an order quashing, modifying or otherwise extinguishing the Production Demand, the Party receiving the Production Demand shall not be in violation of this Protective Order in complying with the Production Demand.

13. <u>Return of Confidential Material.</u> Within sixty (60) days of the termination of the Lawsuit, including any and all appeals associated therewith, each of the Parties shall (a) return all Confidential Material received by it in connection with the Lawsuit to the Party who produced it, or (b) destroy such Confidential Material. Notwithstanding the foregoing, counsel for each such Party shall be entitled to retain its work product for a period of time consistent with such counsel's file

-6-

retention policies (the "File Retention Period"), provided such work product, to the extent that it includes Confidential Material or information derived from Confidential Material, is maintained in accordance with the confidentiality provisions of this Protective Order and is destroyed at the conclusion of such File Retention Period.

14. <u>Survivability.</u>  The terms, conditions and limitations of this Protective Order shall survive the termination of the Lawsuit, including any individual proceeding which is a part of the Lawsuit.

15. <u>Modifications.</u> This Protective Order is without prejudice to the right of any Party to the Lawsuit to seek modification of this Protective Order, upon good cause shown.

16. <u>Reservation of Rights.</u> The Parties' agreement to the terms of this Protective Order, and the Court's entry of the Protective Order, shall not be construed as a waiver on the part of any Party to any claim or objection of privilege, relevance, overbreadth, burdensomeness or any other basis for not producing Material requested by another Party, and production of such Material shall be governed by applicable rules of the Federal Rules of Civil Procedure and by other applicable law.

IT IS SO ORDERED.

Dated: January 17, 2007

*/s/ Maxine M. Chesney*
UNITED STATES DISTRICT JUDGE

Respectfully submitted this _____ day of December, 2006.

*/s/ Amy Catherine Dinn*
ALEXANDER C. CHAE (*admitted pro hac vice*)
AMY CATHERINE DINN (*admitted pro hac vice*)
GARDERE WYNNE SEWELL LLP
10000 Louisiana, Suite 3400
Houston, Texas 77002-5007
Telephone: (713) 276-5500
Facsimile: (713) 276-5555

HOUSTON 909575v1


1. PHILLIP F. SHINN
2. California Bar No. 112051
   THORNTON, TAYLOR, BECKER & SHINN
3. 731 Sansome Street, Suite 300
   San Francisco, California 94111
4. 415-421-8890
   415-421-0688 FAX
5.
   **ATTORNEYS FOR DEFENDANTS
6. NIEHAUS RYAN WONG, INC., EDWIN NIEHAUS,
   WILLIAM RYAN, CARRIE WONG, and VINCENT SULLIVAN**
7.
8.
9.      _[signature]_
10.     _____
        GREGG M. FICKS
11.     California Bar No. 148093
        COBLENTZ, PATCH, DUFFY & BASS LLP
12.     One Ferry Building, Suite 200
        San Francisco, CA 94111-4213
13.
        **ATTORNEYS FOR PLAINTIFFS CEDAR BRIDGE, INC. AND
14.     OLIVE GROVE PARTNERS II, LTD.**